IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Joseph Britt and Brenda Britt,              )
                                            )        C/A No. 6:18-cv-03117-DCC
                        Plaintiffs,         )
                                            )
                                            )
v.                                          )        **OPINION AND ORDER**
                                            )
LivaNova Holding USA Inc., *formerly*       )
*known as Sorin Group USA Inc.*,            )
                                            )
                        Defendant.          )
_____            )

        This matter is before the Court on Plaintiffs Joseph and Brenda Britt's Motion to

Compel Defendant LivaNova Holding USA Inc. to fully respond to Plaintiffs' Requests for

Production.  ECF No. 48.  Defendant filed a Response in Opposition, and Plaintiffs filed

a Reply.  ECF Nos. 49, 50.  For the reasons set forth below, the Motion is granted in part

and denied in part.

## BACKGROUND

        This case arises from a nontuberculous mycobacterium ("NTM") infection Plaintiff

Joseph Britt ("Britt") suffered following a coronary artery bypass surgery he received on

September 13, 2013, at Greenville Health Hospital System ("GHS") in Greenville, South

Carolina.  ECF No. 1 at 2.  Plaintiffs claim Britt was exposed to the NTM through the Sorin

3T Heater-Cooler System ("Sorin 3T Device") that was used to regulate his blood

temperature during the procedure.  *Id.* at 1–2.  This case was transferred to the United

States District Court for the Middle District of Pennsylvania by the United States Judicial

Panel on Multi-District Litigation ("MDL") for coordinated and consolidated pretrial proceedings with 84 other civil actions involving the Sorin 3T Heater-Cooler System.  ECF No. 7; *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, 289 F. Supp. 3d 1335, 1336 (J.P.M.L. 2018).  While in the MDL, general discovery was conducted, and a settlement program was implemented, but Plaintiffs' case did not resolve.  ECF No. 42 at 1.  Thereafter, on July 19, 2021, the MDL court remanded the case back to this Court.  ECF No. 15-3 at 4.

On May 11, 2022, the Court held a telephone discovery conference and directed the parties to meet and confer regarding their discovery issues.  After certain issues were unable to be resolved, Plaintiffs filed a Motion to Compel Discovery Responses on May 24, 2022.  ECF No. 48.  Defendant filed a Response in Opposition, and Plaintiffs filed a Reply.  ECF Nos. 49, 50.  The Motion is now before the Court.

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  A matter is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise.  Fed. R. Evid. 401.  The district court may broadly construe this and the other rules enabling discovery, but it "must limit the frequency or extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "has had ample opportunity to obtain the information

by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993).

## DISCUSSION

The present discovery dispute arises out of a set of discovery requests sent from Plaintiffs to Defendant. Specifically, Plaintiffs seek to compel complete responses to their Request for Production Nos. 2 and 8. ECF No. 48 at 6. Request for Production No. 2 seeks a list of all depositions taken in all actions filed in the United States since 2016 claiming the Sorin 3T Device injured the claimant, including deposition transcripts and exhibits for all depositions not made available through the MDL. *Id.* at 7. Request for Production No. 8 seeks Plaintiff's Fact Sheets and MDL Defendant Fact Sheets for all GHS plaintiffs. *Id.* at 8.

In response to Request for Production No. 2, Defendant refused to provide Plaintiffs with a list of all depositions taken because the request was overly broad, expanded the scope of prior requests, and was unrelated to the claims and issues in Plaintiffs' case. ECF No. 49 at 8. Defendant also declined to produce deposition transcripts and accompanying exhibits not made available through the MDL, arguing that the information was highly confidential, irrelevant to Plaintiffs' case, and improperly violated the MDL court's case management procedures. *Id.* at 6. Instead, Defendant agreed to provide additional non-MDL deposition transcripts and exhibits for its general liability witnesses who were deposed as part of the MDL. *Id.* at 8. Regarding Request

for Production No. 8, Defendant also refused to produce fact sheets for other GHS plaintiffs on the grounds that they were irrelevant to Plaintiffs' claims, contained information that was private and confidential, and improperly sought to circumvent the MDL court's case management orders. *Id.* at 7. Rather, Defendant offered to provide the publicly filed complaints for each of the other GHS plaintiffs, which contained the information Plaintiffs were requesting, such as allegations of injury, surgery date, and diagnosis information. *Id.* at 8.

Having considered the arguments and submissions of the parties, the Court grants in part and denies in part Plaintiffs' Motion to Compel. The Court denies Plaintiffs' request for a list of all depositions taken in every case related to the Sorin 3T Device since 2016 because it is exceedingly disproportionate to the needs of the case. Nevertheless, the Court grants Plaintiffs' request for identification and production of deposition transcripts and exhibits from non-MDL cases relating to the Sorin 3T Device, but only to the extent that they involve a similar delayed diagnosis period and/or medical course of treatment.[1] Any personal identifying information, unrelated medical information, and information regarding other plaintiffs' damages claims must be redacted. Plaintiffs may also receive non-MDL depositions of Defendant's employees and/or representatives regarding general liability. Defendant is not required to provide Plaintiffs with any information already available to them from the MDL discovery.

---

[1] The Court notes that there may be more efficient ways than the production of deposition transcripts for Plaintiffs to obtain this information. If so, Defendant, with Plaintiffs' consent, is permitted to provide the information using the least burdensome method.

In addition, the Court grants Plaintiffs' request for fact sheets for other plaintiffs from the GHS infection outbreak, but only to the extent that they provide information regarding their date of surgery, confirmation that the 3T Sorin Device was used, when and what type of infection resulted, how long after surgery any symptoms appeared, and their final diagnosis.  The fact sheets must be redacted for personal identifying information, general medical history, and any damages-related information.[2]  The Court finds that the information permitted to be discovered as described above is relevant and proportional to the needs of the case.  Accordingly, Plaintiffs' Motion to Compel is granted in part and denied in part.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel Discovery Responses [48] is **GRANTED IN PART AND DENIED IN PART**.  Defendant is directed to produce the documents outlined above within 30 days of this Order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 2, 2022
Spartanburg, South Carolina

---

[2] The Court notes that Plaintiffs' Fact Sheet example at ECF No. 48-6 is not sufficiently redacted.