IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joseph Britt and Brenda Britt, ) | |
| ) | C/A No. 6:18-cv-03117-DCC |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| Sorin Group Deutschland GMBH and ) | |
| Sorin Group USA, Inc.,[1] ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiffs Joseph and Brenda Britt's Third Motion to Compel Defendants Sorin Group Deutschland GMBH and Sorin Group USA, Inc. to fully respond to Plaintiffs' Interrogatories and Requests for Production. ECF No. 153. Defendants filed a Response in Opposition, Plaintiffs filed a Reply, and Defendants filed a Sur-Reply. ECF Nos. 154, 155, 161. For the reasons set forth below, the Motion is denied.

## **BACKGROUND**

This case arises from a nontuberculous mycobacterium ("NTM") infection Plaintiff Joseph Britt ("Britt") suffered following a coronary artery bypass surgery he received on September 13, 2013, at Greenville Health Hospital System ("GHS") in Greenville, South Carolina. ECF No. 1 at 2. Plaintiffs claim Britt was exposed to the NTM through the Sorin

---

[1] Defendant LivaNova Holding USA, Inc. was renamed Sorin Group USA, Inc. and Defendant Sorin Group Deutschland GMBH was added pursuant to Plaintiffs' Amended Complaint filed on February 8, 2023. ECF No. 125.

3T Heater-Cooler System ("Sorin 3T Device") that was used to regulate his blood temperature during the procedure.  *Id.* at 1–2.  This case was transferred to the United States District Court for the Middle District of Pennsylvania by the United States Judicial Panel on Multi-District Litigation[2] for coordinated and consolidated pretrial proceedings with 84 other civil actions involving the Sorin 3T Device.  ECF No. 7; *In re Sorin 3T Heater-Cooler Sys. Prods. Liab. Litig.*, 289 F. Supp. 3d 1335, 1336 (J.P.M.L. 2018).  While in the MDL, general discovery was conducted, and a settlement program was implemented, but Plaintiffs' case did not resolve.  ECF No. 42 at 1.  Thereafter, on July 19, 2021, the MDL court remanded the case back to this Court for limited discovery and trial.  ECF No. 15-3 at 4.  In its suggestion of remand, the MDL court stated,

> It is our view that, at this juncture, this case will be most effectively handled by the trial judge in the District of Carolina.  To the extent any additional discovery and pretrial motion practice might take place, it will concern the Britts and the hospital where Mr. Britts surgery took place.  Moreover, Plaintiffs claims shall be litigated and decided under South Carolina law and it is presumed that the majority of the fact witnesses are located in South Carolina.  Now that summary judgment has been denied, prompt disposition of the claims can best be achieved by remand.  All of the foregoing considerations all favor remand to the District of South Carolina and we suggest the same to the Panel.  The Clerk of Court shall forward a copy of this Order to the Panel.

*Id.*

On May 2, 2022, Plaintiffs filed a Motion for Leave to File an Amended Complaint, which the Court denied without prejudice.  ECF Nos. 36, 51.  Plaintiffs filed a Motion for Reconsideration of the Court's decision, which was also denied, but Plaintiffs were

---

[2] The Panel is referred to as the "JPML," but the consolidated litigation is referred to as an "MDL."

permitted to file a renewed motion by September 21, 2022. ECF Nos. 55, 70. On that date, Plaintiffs filed their Second Motion for Leave to File an Amended Complaint, which the Court denied at a hearing on October 24, 2022, because Plaintiffs failed to make a sufficient showing as to why LivaNova PLC was a necessary party and the proposed exhibits were improper as attachments to a complaint. ECF Nos. 76, 97. On December 12, 2022, Plaintiffs again renewed their Motion to Amend the Complaint, which the Court granted and allowed Plaintiffs to clarify their existing claims and allegations and to replace Defendant LivaNova PLC with Defendant Sorin Group Deutschland GMBH. ECF Nos. 102, 119. The parties agreed that the addition of the foreign manufacturer as a defendant would not require any additional discovery because the discovery related to the manufacturer already existed in the MDL discovery; thus, the Court found that the addition of Defendant Sorin Group Deutschland GMBH would not create any prejudice or delay. ECF No. 119.

On May 24, 2022, Plaintiffs filed a Motion to Compel Discovery Responses, which the Court granted in part and denied in part. ECF Nos. 48, 53. Specifically, the Court denied Plaintiffs' request for a list of all depositions taken in every case related to the Sorin 3T Device since 2016 because it was exceedingly disproportionate to the needs of the case. *Id.* at 4. The Court granted Plaintiffs' request for identification and production of deposition transcripts and exhibits from non-MDL cases relating to the Sorin 3T Device, but only to the extent that they involved a similar delayed diagnosis period and/or medical course of treatment. *Id.* The Court also granted Plaintiffs' request for fact sheets for other plaintiffs from the GHS infection outbreak, but only to the extent that they provided

3

information regarding their date of surgery, confirmation that the Sorin 3T Device was used, when and what type of infection resulted, how long after surgery any symptoms appeared, and their final diagnosis. *Id.* at 5.

On September 13, 2022, Plaintiffs filed their Second Motion to Compel, which the Court granted in part and denied in part.[3] ECF Nos. 66, 97. During a hearing on the Motion on October 24, 2022, the Court determined that information regarding other M. abscessus cases with a delayed development or diagnosis like Britt's was relevant to the specific causation issue in this case and directed the parties to work together to obtain the information. ECF No. 100 at 52–54. The Court denied Plaintiffs' request for information regarding M. chimaera cases. *Id.* at 62. The Court further held that, if there is information that is directly relevant to the operation of the Sorin 3T Device that was in the operating room at GHS and how it could have become the source of Britt's infection, then Defendants must provide it. *Id.* at 64. Overall, the Court noted that Plaintiffs' discovery requests were very broad and encouraged the parties to work together to reach agreement on narrowing the issues based on the Court's guidance and disclosing information the Court deemed to be relevant in this case. *Id.* at 63. The Court gave the

---

[3] The Court also granted in part and denied in part Defendants' Motion for Protective Order. ECF Nos. 94, 97. The Court denied Plaintiffs' Motion for Issuance of Letter for International Judicial Assistance, finding that, based on the scope of the remand in this case and the discovery already available through the MDL, additional documents and deposition testimony from sources outside of the United States, including information regarding notice to Defendants and the Zurich outbreak, were unnecessary at this stage of the litigation. ECF Nos. 64, 97.

4

parties 30 days to reach consensus regarding the discovery issues and directed the parties to submit a joint status report by November 23, 2022.[4] *Id.* at 55.

On March 24, 2023, the Court held a telephone discovery conference and directed the parties to meet and confer regarding their discovery issues. After the issues were not resolved, Plaintiffs filed their Third Motion to Compel on April 19, 2023.[5] ECF No. 153. Defendants filed a Response in Opposition, Plaintiffs filed a Reply, and Defendants filed a Sur-Reply. ECF Nos. 154, 155, 161. The Motion is now before the Court.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A matter is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise. Fed. R.

---

[4] The Court held several telephone discovery conferences between May 2022 and March 2023 during which much of Plaintiffs' request for production in the instant Motion was informally addressed and the parties were offered guidance and encouraged to work together to resolve their discovery issues.

In February 2023, Plaintiffs attempted to subpoena third parties for Plaintiff Settlement Spreadsheets. On April 19, 2023, Defendant filed a Motion to Quash Plaintiffs' Third-Party Subpoenas, and the Court granted the Motion on May 12, 2023, finding Plaintiffs had violated Federal Rule of Civil Procedure 45(a)(4) because they failed to serve a notice and copy of the subpoenas on Defendants prior to service on third parties. ECF Nos. 131, 156. The Court further found that Plaintiffs' request required disclosure of privileged or other protected matter and subjected third parties to an undue burden of production pursuant to Federal Rule of Civil Procedure 45(d)(3). ECF No. 156.

[5] Plaintiffs filed the instant Motion to Compel after the April 3, 2023, deadline had expired and did not request an extension of time. Regardless, the Court will consider the Motion, as it will be the last one permitted, given the procedural posture of this case and the fact that discovery is closed.

Evid. 401. The district court may broadly construe this and the other rules enabling discovery, but it "must limit the frequency or extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "has had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993).

## DISCUSSION

Plaintiffs again ask this Court to compel Defendants to produce information regarding the Zurich outbreak, communications with hospitals other than GHS, testing, and warnings, and M. abscessus and M. chimaera NTM infections following surgery with the Sorin 3T Device with presentation and symptoms similar to Britt's, including information from Plaintiff Settlement Spreadsheets. ECF No. 153 at 7, 9. For the reasons set forth below, Plaintiffs' Motion to Compel is denied.

This case was remanded to this Court from the MDL almost two years ago for limited discovery and trial. The MDL court's Remand Order contemplates only very limited additional discovery related to Britt and the hospital where he was treated. Almost all of the comprehensive discovery sought by Plaintiffs is included in the MDL discovery to which Plaintiffs have access and has been identified within that discovery by Defendants. The Court understands that information relevant to the Sorin 3T Device in

use at GHS and Britt's medical records regarding his hospital course and resulting complications have been produced and have been made available to the parties and their experts.

Defendants have acknowledged that general causation of problems related to the use of the Sorin 3T Device is not in dispute. See ECF No. 154 at 4. Instead, the triable issue in this case is specific causation as to the injuries suffered by Britt. Accordingly, the Court has previously decided that Plaintiffs may discover information regarding other M. abscessus cases with delayed development or diagnosis similar to Britt's situation. This remains the Court's position, and to the extent such information has been requested from Defendants and has not been produced, it must be produced within 30 days. If Defendants believe Plaintiffs are already in possession of the information or the information is too burdensome to produce, Defendants must identify with specificity where the information can be found.

In addition, the Court allowed the joinder of the foreign manufacturer defendant based upon the parties' agreement that such joinder would not necessitate further discovery. Consequently, none will be allowed. The Court reiterates that information regarding M. chimaera NTM cases is not proportional to the needs of the case, as Britt's infection was not an M. chimaera NTM, and the information is not otherwise relevant to Plaintiffs' claim. However, as Plaintiffs' memorandum reflects, Federal Drug Administration and MDL information is already available to demonstrate that either type of NTM infection can be fast or slow developing. The Court further finds that information regarding the Zurich outbreak, communications with hospitals other than GHS, testing,

warnings, etc., as well as Plaintiff Settlement Spreadsheets are all beyond the scope of discovery on remand as the Court has already ruled on more than one occasion. Accordingly, Plaintiffs' Motion to Compel is denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Third Motion to Compel is **DENIED**. Defendants are directed to produce the information outlined above within 30 days of this Order. Except by agreement of the parties, discovery is closed and no further discovery motions shall be permitted. The parties are ordered to conduct mediation in this case by August 15, 2023. The Court notes that the MDL court denied summary judgment and remanded the case to this Court for the purpose of limited discovery and trial. Therefore, additional dispositive motions will not be permitted. The parties have agreed that jury selection will occur on September 19, 2023, and that trial will proceed for two weeks following jury selection; thus, the Court will issue a trial notice herewith in accordance with these dates.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 15, 2023
Spartanburg, South Carolina

8